IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Webuild S.p.A, f/k/a Impregilo S.p.A., <br><br> *Plaintiff*, <br><br> v. <br><br> Argentine Republic, <br><br> *Defendant*. | Civil Action No. 21-cv-2464 (RBW) |

## MOTION TO DISMISS

The Republic of Argentina (the "Republic") (sued as "Argentine Republic"), by and through its undersigned counsel, respectfully moves for dismissal with prejudice of the Complaint (September 20, 2021), ECF No. 1, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because the action is time-barred. In support of this motion, the Republic submits the accompanying Memorandum of Points and Authorities in Support of its Motion to Dismiss, the Declaration of Rathna J. Ramamurthi, and all exhibits.

Dated: New York, New York
August 8, 2022

CLEARY GOTTLIEB STEEN & HAMILTON LLP

_____
Carmine D. Boccuzzi Jr. (D.C. Cir. NY0335)
cboccuzzi@cgsh.com
One Liberty Plaza
New York, New York 10006
T: 212-225-2000

Rathna J. Ramamurthi (D.C. Cir. NY0337)
rramamurthi@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: 202-974-1515

*Attorneys for the Republic of Argentina*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Webuild S.p.A, f/k/a Impregilo S.p.A., <br><br> *Plaintiff*, <br><br> v. <br><br> Argentine Republic, <br><br> *Defendant*. | Civil Action No. 21-cv-2464 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES OF THE REPUBLIC OF ARGENTINA IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES............................................................................................... | ii |
| PRELIMINARY STATEMENT........................................................................................ | 1 |
| BACKGROUND................................................................................................................ | 2 |
| ARGUMENT ..................................................................................................................... | 3 |
|     I.    The Court Should Borrow The Federal Three-Year Limitations Period For Seeking To Enforce International Arbitration Awards As The Most Closely Analogous Period............................................................................................................. | 4 |
|     II.    Alternatively, Even If The Court Determines To Borrow From D.C. Law, The Complaint Remains Untimely................................ | 10 |
| CONCLUSION.................................................................................................................. | 13 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Africard Co. Ltd. v. Republic of Niger*,
   210 F. Supp. 3d 119 (D.D.C. 2016) ..................................................................................3

*Agency Holding Corp. v. Malley-Duff & Assoc.*,
   483 U.S. 143 (1987) ..........................................................................................................9

*Altmann v. Repub. of Austria*,
   142 F. Supp. 2d 1187 (C.D. Cal. 2001) ............................................................................9

*Cassirer v. Kingdom of Spain*,
   461 F. Supp. 2d 1157 (C.D. Cal. 2006) ............................................................................9

*DelCostello v. Int'l Brotherhood of Teamsters*,
   462 U.S. 151 (1983) ....................................................................................................3-4, 8

*Doe v. Islamic Salvation Front*,
   257 F. Supp. 2d 115 (D.D.C. 2003) ..............................................................................4, 7

*Flatow v. Islamic Republic of Iran*,
   76 F. Supp. 2d 28 (D.D.C. 1999) ................................................................................3, 11

*Flight Options, LLC v. Int'l Bhd. of Teamsters, Airline Div.*,
   315 F. Supp. 3d 318 (D.D.C. 2018) ..................................................................................9

*Gater Assets Ltd. v. AO Gazsnabtranzit*,
   413 F. Supp. 3d 304 (S.D.N.Y. 2019) ..............................................................................9

*In re Consol. Rail Corp.*,
   867 F. Supp. 25 (D.D.C. 1994) ......................................................................................10

*Logan v. MGM Grand Detroit Casino*,
   939 F.3d 824 (6th Cir. 2019) ............................................................................................8

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*,
   863 F.3d 96 (2d Cir. 2017) ..............................................................................................6

*Nader v. Democratic Nat'l Comm.*,
    567 F.3d 692 (D.C. Cir. 2009) ..................................................................................3-4

*Occidental Life Ins. Co. of Cal. v. Equal Emp't Opportunity Comm'n*,
    432 U.S. 355 (1977) ......................................................................................................8

*Reed v. United Transp. Union*,
    488 U.S. 319 (1989) ......................................................................................................4

*Saudi Basic Indus. Corp. v. Exxonmobil Corp.*,
    194 F. Supp. 2d 378 (D.N.J. 2002) ..............................................................................9

*Schlumberger Tech. Corp. v. United States*,
    195 F.3d 216 (5th Cir. 1999) ......................................................................................11

*Varone v. Varone*,
    296 A.2d 174 (D.C. 1972) ..........................................................................................12

**Statutes**

22 U.S.C. § 1650a .................................................................................................*passim*

28 U.S.C. § 1391(f) .........................................................................................................9

Alaska Stat. § 09.10.100 .................................................................................................8

Alaska Stat. § 09.43.490 .................................................................................................8

D.C. Code § 12-301(a)(8) .............................................................................................10

D.C. Code § 12-307 .......................................................................................................12

D.C. Code § 15-101 ..................................................................................................11-12

D.C. Code § 16-4425 .....................................................................................................10

Haw. Rev. Stat. § 657-1(4) .............................................................................................8

Haw. Rev. Stat. § 658A-22 ............................................................................................8

Va. Code Ann. § 8.01-248 .............................................................................................8

Va. Code Ann. § 8.01-581.09 ........................................................................................8

The Republic of Argentina (the "Republic") (sued as "Argentine Republic"), by and through its undersigned counsel, respectfully moves for dismissal with prejudice of the Complaint (September 20, 2021), ECF No. 1 ("Compl."), filed by Webuild S.p.A, f/k/a Impreglio S.p.A. ("Webuild"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because the action is time-barred.[1]

## PRELIMINARY STATEMENT

This action should be dismissed as untimely because Webuild waited until September 20, 2021, more than ten years, to seek enforcement of a June 21, 2011 international arbitration award (the "Award") made under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States ("ICSID Convention"). Although the federal statute authorizing district courts to enforce ICSID awards, 22 U.S.C. § 1650a, does not contain its own statute of limitations, the most analogous statute—the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 207—provides for a three-year limitations period. Application of the three-year period is required by the federal interests at issue and the need for national uniformity reflected in 22 U.S.C. § 1650a.

In the alternative, even if the Court were to look to state law from which to borrow the required limitations period, the closest analogue under D.C. law would also provide for application of a three-year limitations period. *See* D.C. Code § 16-4425 (2008); D.C. Code § 12-301(a)(8) (2019).

---

[1] The Republic has moved on similar grounds in another case seeking enforcement of an ICSID arbitral award pending before this Court. *See Titan Consortium 1, LLC, v. The Argentine Republic*, Civil Action No. 1:21-cv-02250 (JMC). In that case, the Republic filed its Motion to Dismiss on January 14, 2022, briefing was completed on February 4, 2022, and the court's decision remains pending.

Accordingly, Webuild's action, as is clear on the face of the Complaint, is untimely whether the Court borrows the required limitations period from an analogous federal statute or from D.C. law and should, therefore, be dismissed with prejudice.

## BACKGROUND

Webuild is an Italian corporation and was the claimant in the underlying ICSID arbitration that resulted in the Award in its favor. Compl. ¶¶ 1-2; Award (Compl. Ex. A) ¶ 1. On May 23, 2007, Webuild submitted a request for arbitration against the Republic, Compl. ¶ 25, pursuant to and alleging violation of the Agreement between the Argentine Republic and the Italian Republic on the Promotion and Protection of Investments, dated May 22, 1990, which entered into force on October 14, 1993 (the "Treaty"), *id*. ¶ 16, and the ICSID Convention, *id*. ¶ 1. Webuild's request for arbitration invoked Article 8 of the Treaty and Article 36 of the ICSID Convention. *Id*. ¶ 27.

A tribunal of three arbitrators constituted under the ICSID Convention (the "Tribunal") heard the dispute.[2] *Id*. ¶ 28. On June 21, 2011, the Tribunal made its Award in Webuild's favor in the amount of US $21,294,000, plus interest. *Id*. ¶¶ 31, 34.

On October 19, 2011, the Republic filed an application requesting annulment of the Award. *Id*. ¶ 35; *see also* Compl. Ex. G. An *ad hoc* committee was constituted and an annulment hearing was held in Washington, D.C. in March 2013. Compl. ¶ 35. On January 24, 2014, the Republic's application for annulment was dismissed. *Id*.

Webuild filed this action on September 20, 2021, over seven years after the conclusion of the annulment proceeding and over ten years after the Award was made.

---

[2] The Complaint incorrectly states that the hearing on the merits was held in Washington, D.C. Compl. ¶ 30. To the extent the Complaint contains inaccuracies, the Republic reserves all rights and defenses.

# ARGUMENT[3]

"As is often the case in federal civil law," the federal statute implementing the ICSID Convention, 22 U.S.C. § 1650a (the "ICSID Statute"), does not contain a limitations period within which to apply to convert an unenforceable ICSID award into an enforceable U.S. court judgment. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983). "In such situations [courts] do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, [their] task is to 'borrow' the most suitable statute or other rule of timeliness from some other source." *Id*. The limitations period within which to apply for a court judgment enforcing an arbitral award in the United States uniformly starts to run from the date the arbitration award was made or rendered. *See, e.g.*, *Flatow v. Islamic Republic of Iran*, 76 F. Supp. 2d 28, 29 (D.D.C. 1999) ("[T]he Arbitration Act requires parties to confirm arbitration awards within three years of their issuance."); *Africard Co. Ltd. v. Republic of Niger*, 210 F. Supp. 3d 119, 128 n.6 (D.D.C. 2016) (limitations period runs from the date the award was "rendered") (citation omitted). Under the ICSID Convention, "[t]he award shall be deemed to have been rendered on the date on which the certified copies were dispatched." ICSID Convention art. 49(l).

Here, Webuild seeks to enforce an award under the ICSID Convention that was rendered on June 21, 2011. Compl. ¶ 31. This action was initiated over ten years later. *See generally* Compl. Because Webuild did not file its Complaint within the three-year limitations period borrowed from either analogous federal or D.C. law, this action is time-barred. *See, e.g.*, *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 696, 702 (D.C. Cir. 2009) (complaint dismissed under Rule 12(b)(6) when claim was time-barred under the

---

[3] The Republic does not waive and expressly preserves all rights and defenses in connection with enforcement in relation to awards under the ICSID Convention.

3

relevant statutes of limitations); 2 Moore's Federal Practice – Civil § 12.34 (2022) (pursuant to Federal Rule 12(b)(6), complaints may be dismissed on statute of limitations grounds). Indeed, in all cases where this Court has enforced an outstanding monetary award issued by an ICSID tribunal, the action was initiated within three years of the award being made.

### I. The Court Should Borrow The Federal Three-Year Limitations Period For Seeking To Enforce International Arbitration Awards As The Most Closely Analogous Period

In this case, the Court should borrow the federal three-year limitations period for confirming an international commercial arbitral award made in the United States as the closest analogue from which to borrow the applicable limitations period in the absence of one in the ICSID Statute, 22 U.S.C. § 1650a. Although where a federal statute is silent courts often borrow from analogous state law for a limitations period to apply,[4] borrowing from an analogous federal statute is appropriate where, as here, "a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *DelCostello*, 462 U.S. at 172; *see Doe v. Islamic Salvation Front*, 257 F. Supp. 2d 115, 118 (D.D.C. 2003) (citation omitted) (same).

Here, the three-year limitations period for the enforcement of international arbitral awards found in Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207,

---

[4] *See, e.g.*, *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989) ("Congress not infrequently fails to supply an express statute of limitations when it creates a federal cause of action. When that occurs, '[w]e have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law.'") (quoting *DelCostello*, 462 U.S. at 158).

4

provides the closest analogy and best serves the underlying federal policy interests. Accordingly, it should be applied in this case.

*First*, there is a strong federal interest in uniformity in implementing the ICSID Convention in the United States. The ICSID Convention requires that each Contracting State "recognize" an award under the Convention "as binding and enforce the pecuniary obligations imposed by that award . . . as if it were a final judgment of a court in that State." ICSID Convention art. 54(1); *see also Convention on the Settlement of Investment Disputes: Hearing Before the Subcomm. on Int'l Orgs. & Movements of the H. Comm. on Foreign Affs.*, 89th Cong. 2d Sess. (1966) ("ICSID Hearing"), App'x III ¶ 42, Report of the Executive Directors (Ex. A).[5] In the case of Contracting States with federal constitutions, such as the United States, the award may be enforced "through its federal courts." ICSID Convention art. 54(1). This language was expressly inserted by the United States into the Convention "in order to be able to provide in the United States for a *uniform* procedure for enforcement of awards rendered pursuant to the convention." ICSID Hearing at 11 (statement of Andreas F. Lowenfeld, Deputy Legal Adviser, Department of State) (emphasis added) (Ex. A); S. Rep. No. 89-1374, at 4 (1966) (Statement of Fred B. Smith, General Counsel, Department of the Treasury ("Smith Statement")) (Ex. B) (same); H.R. Rep. No. 89-1741, at 4 (1966) (Report of the Committee on Foreign Affairs ("Committee Report")) (Ex. C) (same).[6]

---

[5] Unless otherwise noted, exhibits are to the Declaration of Rathna J. Ramamurthi, dated August 8, 2022, which is being filed today.

[6] Execution of any resulting judgment is governed by the law of the Contracting State in which enforcement is sought, ICSID Convention art. 54(3), and sovereign immunity in respect of execution under such State's law is preserved, *id.* art. 55. The FSIA's protections against attachment of sovereign property, 28 U.S.C. § 1608-11, are thus fully applicable in this case.

In the interest of *uniformity*, Congress chose the "federal court" option afforded by the ICSID Convention by enacting legislation which provides that an ICSID arbitral award "shall create a right arising under a treaty of the United States," an exclusively federal domain. 22 U.S.C. § 1650a(a). The strongest indication of Congressional interest in national uniformity is its determination to vest jurisdiction over the conversion of an unenforceable ICSID arbitral award into an enforceable court judgment *exclusively* in the federal courts, 22 U.S.C. § 1650a(b), denying state courts and presumably state law any role in the enforcement or non-enforcement of an ICSID award. In so opting to implement the ICSID Convention on an exclusively "federal" basis, Congress legislated much like it had earlier in restricting patent, copyright, and bankruptcy cases solely to the federal courts, *see* 28 U.S.C. § 1338(a); 28 U.S.C. § 1334(a). *See also Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 863 F.3d 96, 118 (2d Cir. 2017) (recognizing a particular need in ICSID award enforcement actions for "national uniformity in procedure" and to promote "the values of predictability and federal control that foreign affairs demand[]").

The same federal interests, *i.e.*, "the uniform and efficient enforcement of arbitration agreements and awards in foreign commerce," S. Rep. No. 91-702, at 8 (1970) (Statement of Ambassador Richard D. Kearney ("Kearney Statement")) (Ex. D), are at the core of 9 U.S.C. § 207, through which Congress specifically adopted a three-year limitations period for actions for recognition and enforcement of international commercial arbitral awards under the FAA. Like 22 U.S.C. § 1650a, 9 U.S.C. § 201 *et seq.* were implemented to give effect to treaty obligations undertaken by the United States. The federal interests underlying both statutes are thus best served by borrowing 9 U.S.C. § 207's three-year limitations period. And since an ICSID award is an arbitral award, the

6

time limits for converting other types of arbitral awards into a judicially enforceable judgment are necessarily analogous to ICSID awards.

Although 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the [ICSID] convention," at the time the ICSID Statute was adopted, the FAA consisted solely of what is now Chapter 1 of Title 9 U.S.C. and was excluded from 22 U.S.C. § 1650a(a) for reasons having nothing to do with statutes of limitations. *See, e.g.*, Smith Statement at 3 (Ex. B); ICSID Hearing at 4-5, 11 (Ex. A); Committee Report at 4 (Ex. C). When 22 U.S.C. § 1650a was enacted, the New York Convention obligations had not yet been codified in Chapter 2 of the FAA. Instead, the FAA consisted of provisions designed to apply to domestic, not foreign, arbitral awards, *see generally* 9 U.S.C. § 1 *et seq.*, and the exclusion of such provisions from 22 U.S.C. § 1650a(a) within that context makes perfect sense. In fact, in enacting Chapter 2 of the FAA concerning international arbitration, Congress explicitly rejected the idea that several of the provisions previously codified in Chapter 1 of the FAA—including the one-year statute of limitations—would be appropriate for the enforcement of foreign arbitral awards. *See, e.g.*, Kearney Statement at 8 (Ex. D) (stating the one-year statute of limitations contained within the FAA for seeking enforcement of domestic arbitral awards "was much too short" for the enforcement of international arbitral awards, and "the consensus was that 3 years is a reasonable period").

In any event, borrowing the FAA's three-year statute of limitations by analogy is not the *application* of the FAA that the ICSID Statute precludes. *See Islamic Salvation Front*, 257 F. Supp. 2d at 121 n.11 (borrowing Torture Victim Protection Act's 10-year limitations period, although TVPA was "clearly inapplicable" to the Alien Tort Claims Act and the facts at hand). A court would run afoul of the ICSID Statute were it to subject

7

an ICSID award to the defenses to enforcement that are available under 9 U.S.C. § 10 for commercial arbitral awards. However, borrowing the later-enacted limitations period in Chapter 2 of the FAA for ICSID awards does *not* run afoul of the ICSID Statute.

*Second*, considerations of uniformity further favor application of this federal statute's three-year limitations period given that state law varies considerably as to the period for bringing an action to enforce an arbitral award. *Compare, e.g.*, Va. Code Ann. §§ 8.01-581.09, 8.01-248 (two-year limitations period for all causes of action without an otherwise applicable statute of limitations, including enforcement of arbitral awards), *with* Alaska Stat. §§ 09.43.490, 09.10.100 (10-year limitations period for all causes of action without an otherwise applicable statute of limitations, including enforcement of arbitral awards), *with* Haw. Rev. Stat. §§ 658A-22, 657-1(4) (six-year limitations period for same). As a result, if state law were applied, ICSID award enforcement proceedings in different states would be subject to dramatically different, and unpredictable, statutes of limitations. *See Occidental Life Ins. Co. of Cal. v. Equal Emp't Opportunity Comm'n*, 432 U.S. 355, 367 (1977) ("State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies."); *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 833 (6th Cir. 2019) (citing *Occidental*, 432 U.S. at 367) (describing "the anomalous result that similarly situated plaintiffs in different states would have different rights in the enforcement of wholly federal claims in federal courts").[7]

---

[7] *See also DelCostello*, 462 U.S. at 161 (when a state statute of limitations is "unsatisfactory" for the enforcement of a federal statute, "it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law"); Determining the Content of Federal Common Law—Statutes of Limitations, 19 Fed. Prac. & Proc. Juris. § 4519 (3d ed.) (citing *Lampf,*

Moreover, because ICSID arbitrations frequently involve neither a U.S. national as plaintiff nor the United States as defendant, there often will be no substantive nexus between an ICSID award and any U.S. state and thus no particular reason to import any particular state's limitations period, offering a further reason to borrow from analogous federal, rather than state, law. *See Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 153-54 (1987) (absence of nexus to only one state supports adoption of uniform national limitations period). For example, though the FSIA provides venue for foreign states in Washington D.C., *see* 28. U.S.C. § 1391(f)(4), that is not because Congress envisioned any particular role for D.C. law in connection with foreign state defendants. Instead, the FSIA otherwise describes venue to be proper where the relevant "events or omissions" giving rise to the claim took place, *see* 28. U.S.C. § 1391(f)(1),[8] or where an instrumentality does business, *id*. § 1391(f)(3).[9] Thus, the FSIA merely designates D.C. as a fallback venue without any reference to D.C. law. Indeed, as noted, 22 U.S.C. § 1650a expressly creates a *federal* cause of action, confers jurisdiction on the federal courts, and *excludes* state court proceedings. *See* 22 U.S.C. § 1650a(b); *see also, e.g.*,

---

*Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 357 (1991) ("[F]ederal interests in predictability and judicial economy counsel the adoption of one source.")).

[8] *See Gater Assets Ltd. v. AO Gazsnabtranzit*, 413 F. Supp. 3d 304, 328 (S.D.N.Y. 2019) (New York was proper venue, because location of "original default judgement can serve as the 'substantial part of the events' under § 1391(f)(1) to retain venue in a subsequent motion to renew"), *aff'd in part, vacated in part on other grounds, remanded sub nom. Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42 (2d Cir. 2021); *see also Flight Options, LLC v. Int'l Bhd. of Teamsters, Airline Div.*, 315 F. Supp. 3d 318, 319 (D.D.C. 2018) (private commercial arbitration in D.C. created sufficient "substantial contacts" for finding of proper venue for motion to vacate arbitral award).

[9] *See, e.g., Cassirer v. Kingdom of Spain*, 461 F. Supp. 2d 1157, 1177 (C.D. Cal. 2006) (venue was proper in the Northern District of California where Spain's instrumentality did business, in satisfaction of Section 1391(f)(3)), *aff'd in part, rev'd in part,* 580 F.3d 1048 (9th Cir. 2009), *on reh'g en banc,* 616 F.3d 1019 (9th Cir. 2010), *and aff'd in part, appeal dismissed in part,* 616 F.3d 1019 (9th Cir. 2010); *Altmann v. Repub. of Austria*, 142 F. Supp. 2d 1187, 1215 (C.D. Cal. 2001) (venue proper under Section 1391(f)(3) where the instrumentality-defendant does business in the venue), *aff'd and remanded,* 317 F.3d 954 (9th Cir. 2002), *opinion amended on denial of reh'g,* 327 F.3d 1246 (9th Cir. 2003), *and aff'd on other grounds,* 541 U.S. 677 (2004); *Saudi Basic Indus. Corp. v. Exxonmobil Corp.*, 194 F. Supp. 2d 378, 410-11 (D.N.J. 2002) (venue was proper in New Jersey because the defendant, a Saudi government-owned instrumentality, was "doing business" in New Jersey), *order vacated in part*, 364 F.3d 102 (3d Cir. 2004), *rev'd and remanded,* 544 U.S. 280 (2005).

Smith Statement at 4 (Ex. B) ("The statement that the jurisdiction of district courts shall be 'exclusive' means that arbitral awards shall be enforcible [sic] in Federal courts and not in State courts."). Accordingly, there is no basis to discern any intent on the part of Congress to leave the time limits for enforcing ICSID awards to the vagaries of state limitations periods.

## II. Alternatively, Even If The Court Determines To Borrow From D.C. Law, The Complaint Remains Untimely

If the Court were to look to D.C. law for the statute of limitations (for the reasons above, it should not), the most closely analogous D.C. statute also has a three-year limitations period. The D.C. Arbitration Act provides that a court shall issue a judgment in conformity with an order to confirm, vacate, modify, or correct an arbitration award, D.C. Code § 16-4425 (2008), and the limitations period for seeking such a judgment is found in the residual provision of the D.C. Code statute of limitations chapter, D.C. Code § 12-301(a)(8) (2001) (actions "for which a limitation is not otherwise specially prescribed" cannot be brought after "3 years" "from the time the right to maintain the action accrues"). *See In re Consol. Rail Corp.*, 867 F. Supp. 25, 32 (D.D.C. 1994) (applying a three-year statutory period for an action to confirm an arbitration award because the "limitation is not otherwise specially prescribed"). Thus, this action is time-barred even if the Court were to borrow the most analogous limitations period under state law.

In an effort to identify a supposedly analogous D.C. Code provision that would offer a limitations period longer than the 10-year period required to render this proceeding timely, Webuild may contend that the Court should look to D.C. Code § 15-101, which provides that a D.C. Superior Court judgment is enforceable for up to 12 years. But D.C. Code § 15-101 is inapposite for two related reasons.

*First*, D.C. Code § 15-101 does not offer this Court an analogous limitations period to

borrow because D.C. Code § 15-101 does not establish the time limit for bringing a judicial proceeding to obtain a court judgment enforcing an otherwise unenforceable instrument such as an arbitral award or out-of-state or out-of-country court judgment. *See Schlumberger Tech. Corp. v. United States*, 195 F.3d 216, 220 (5th Cir. 1999) (award holder unable to collect because arbitral "award has no legal effect without the stamp of judicial approval"). If such a judgment is not timely sought, that award is "null and void" for enforcement purposes in the United States. *Flatow,* 76 F. Supp. 2d at 29 (denying attachment of private arbitral award, where limitations period had run, resulting in an "expired, unenforceable award"). D.C. Code § 15-101 simply establishes the lifespan of an already issued D.C. Superior Court judgment, not the deadline by which a judgment need be obtained. Here, Webuild is *seeking* a judgment because it does not already hold an enforceable instrument. *E.g.*, Compl. ¶ 1 (requesting that the Court "enter a judgment"). Accordingly, the three-year federal or three-year D.C. Code limitations period for confirmation of an arbitral award provides a closer analogue for determining the timeliness of this action than does a statute setting out the shelf life of an already issued D.C. Superior Court judgment.

*Second*, the plain terms of Section 1650a negate D.C. Code § 15-101 serving as an analogous source of any time limit. Section 1650a(a) requires this Court to treat an ICSID award not as a judgment of the D.C. Superior Court, but as a judgment of another state ("one of the several States") outside of this District. 22 U.S.C. § 1650a(a). Congress could have said in Section 1650a(a) that an ICSID award is to be treated "as a final judgment of a court of general jurisdiction of" "the District of Columbia," or of "the federal district where enforcement is sought." But Congress did not do that and instead decided to treat an ICSID award as entitled to "full faith and credit" yet "foreign" to the jurisdiction where enforcement is sought.

Moreover, seeking to borrow from D.C. Code § 15-101 would violate the plain

11

terms of the statute and would ignore D.C. Code § 12-307,[10] which D.C.'s highest court has interpreted to mean that "in suits for enforcement of foreign judgments the statute of limitations of the jurisdiction where rendered is controlling." *Varone v. Varone*, 296 A.2d 174, 178 (D.C. 1972). D.C. Code § 15-101 does not mention out-of-state judgments, instead focusing on those rendered in the District Court or the Superior Court of the District of Columbia. For out-of-state judgments, the relevant statute is D.C. Code § 12-307, whereby what matters is the lifespan of the judgment in the state that issued the award or judgment. And here, there is no issuing state from which to derive a statutory limitations period. Since D.C. law looks to the enforceability period in the rendering jurisdiction, that further exacerbates the unpredictability of applying state law by providing a limitations period that varies from state to state. In any event, in the case of ICSID awards, there is no rendering state's limitations period to which to refer, making adoption of state law in cases like this one impossible. Since any reliance on D.C. Code § 15-101 results in a circular reference that provides an indeterminate result, it is clearly an inadequate state analog.

---

[10] D.C. Code § 12-307 (1963) ("An action upon a judgment or decree rendered in a State, territory, commonwealth or possession of the United States or in a foreign country is barred if *by the laws of that jurisdiction, the action would there be barred* and the judgment or decree would be incapable of being otherwise enforced there.") (emphasis added).

## CONCLUSION

For these reasons, the Republic's Motion to Dismiss should be granted and the Complaint dismissed with prejudice.

Dated: New York, New York
August 8, 2022

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Carmine D. Boccuzzi Jr. (D.C. Cir. NY0335)
One Liberty Plaza, New York, New York 10006
T: 212-225-2000; cboccuzzi@cgsh.com

Rathna J. Ramamurthi (D.C. Cir. NY0337)
2112 Pennsylvania Avenue NW Washington, DC 20037
T: 202-974-1500; rramamurthi@cgsh.com

*Attorneys for the Republic of Argentina*