# Exhibit B

Calendar No. 1339

| 89TH CONGRESS | SENATE | REPORT |
| 2d Session | | No. 1374 |

# IMPLEMENTING LEGISLATION FOR CONVENTION ON THE SETTLEMENT OF INVESTMENT DISPUTES

JULY 15, 1966.—Ordered to be printed

Mr. FULBRIGHT, from the Committee on Foreign Relations, submitted the following

# REPORT

[To accompany S. 3498]

The Committee on Foreign Relations, to which was referred the bill (S. 3498) to facilitate the carrying out of the obligations of the United States under the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States, signed on August 27, 1965, and for other purposes, having considered the same, reports favorably thereon without amendment and recommends that the bill do pass.

### PURPOSE OF BILL

S. 3498 is designed to assist the United States in carrying out its obligations under the Convention on the Settlement of Investment Disputes (Ex. A, 89th Cong., 2d sess.), which was approved by the Senate on May 16, 1966, by a vote of 72 to 0. The convention itself is explained in the committee's report (see Ex. Rept. No. 2, 89th Cong., 2d sess.).

Briefly, the bill authorizes the President to appoint a U.S. representative to the Administrative Council of the International Center for the Settlement of Investment Disputes and to designate four persons to the Panel of Conciliators and the Panel of Arbitrators to be established pursuant to the provisions of the convention. S. 3498 also provides that U.S. district courts shall have jurisdiction to enforce the pecuniary obligations of arbitral awards rendered under the terms of the convention. A more detailed explanation of the bill is contained in the statement of Mr. Fred B. Smith, General Counsel, Department of the Treasury, which is appended to this report.

65-010

COMMITTEE ACTION AND RECOMMENDATION

The Committee on Foreign Relations held a public hearing on S. 3498 on July 12, 1966, at which time testimony in support of the bill was received from Mr. Fred B. Smith, the General Counsel of the Treasury Department. No other witness testified on the bill and the committee is not aware of any opposition to it.

As is pointed out above, the Senate has already approved the Convention on the Settlement of Investment Disputes. In addition, it was ratified by the President on June 1, 1966. The enactment of S. 3498 is the next step required to complete U.S. membership in the Convention. Accordingly, the committee recommends that it be passed by the Senate.

# APPENDIX

STATEMENT OF FRED B. SMITH, GENERAL COUNSEL, DEPARTMENT OF THE TREASURY, BEFORE THE SENATE FOREIGN RELATIONS COMMITTEE, JULY 12, 1966

Mr. Chairman and members of the committee, I am happy to appear before you today in support of S. 3498, a bill to implement the Convention on the Settlement of Investment Disputes between States and Nationals of Other States.

This committee has already heard testimony from Under Secretary of the Treasury Barr on the Convention itself, and the Convention has been ratified by the United States. Accordingly, unless the committee wishes, I shall not attempt to summarize again all of the provisions of the Convention.

The bill before you is implementing legislation to provide the Executive with the necessary authority to fulfill the obligations of the United States as a member of the Center for the Conciliation and Arbitration of Investment Disputes. As has been previously mentioned, the Center will consist of an Administrative Council, which will be composed of one representative from each contracting state. Also, the Center will maintain a Panel of Conciliators and a Panel of Arbitrators, and each contracting state will be authorized to name four persons to each Panel. Section 2 of the bill provides that the President may appoint the U.S. representative to the Administrative Council and name the U.S. Panel members.

Section 3 of the bill deals with enforcement of arbitral awards in U.S. courts. You will recall that the convention provides that arbitral awards rendered pursuant to the convention shall be enforceable in contracting states. Actually, it is only the pecuniary obligations imposed by an arbitral award; that is, any monetary damages assessed against one of the parties, which the courts of a contracting state will be obligated to enforce. Article 54(1) of the convention states:

> Each contracting state shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that state. A contracting state with a Federal constitution may enforce such an award in or through its Federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constitutent state.

The main purpose of S. 3498 is to implement article 54(1) of the convention. Section 3(a) states that the pecuniary obligations imposed by an arbitral award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a

3

court of general jurisdiction of one of the several States. If an action is brought in a U.S. district court to enforce the final judgment of a State court, it is, of course, given full faith and credit in the Federal court. Section 3(a) would give the same status to an arbitral award. Essentially, this means that the district courts would be precluded from inquiring into the merits of the underlying controversy.

Section 3(a) also states that the Federal Arbitration Act shall not apply to the enforcement of arbitral awards rendered pursuant to the convention. The Federal Arbitration Act is not an appropriate instrument for enforcing arbitral awards rendered pursuant to the convention. For example, section 9 of that act provides that an arbitral award may be confirmed as a court judgment, but only if the parties in their agreement had agreed that a judgment of a court shall be entered upon the award, and then the judgment may be entered only by the court specified in the agreement of the parties or, if no court is specified, by the Federal court "in and for the district within which such award was made." This section does not fit the convention, which provides for enforcement of awards in the courts of a contracting state regardless of whether judicial enforcement was specifically provided for in the agreement of the parties and also regardless of the place where the arbitral award was rendered. Moreover, the Federal Arbitration Act would permit the courts to vacate an arbitral award on certain grounds, such as the corruption of one of the arbitrators, which under article 52 of the convention may be raised only through the annulment proceedings provided for in the convention.

Section 3(b) of the proposed legislation states that district courts of the United States shall have exclusive jurisdiction over actions to enforce arbitral awards. This provision is also based on article 54(1) of the convention, which states that in the case of a Federal state like the United States arbitral awards may be enforced in or through the Federal courts. The United States suggested this provision in order to be able to provide in the United States for a uniform procedure for enforcement of awards rendered pursuant to the convention. The statement that the jurisdiction of district courts shall be "exclusive" means that arbitral awards shall be enforcible in Federal courts and not in State courts.

The committee may be interested in the fact that to date 9 countries have ratified the convention and another 35 have signed it preparatory to ratification. A list of these countries is attached to my prepared statement.

In conclusion, I strongly urge favorable consideration of S. 3498 so that the United States will be in a position to implement its membership in the arbitration and conciliation facility.

This completes my statement, Mr. Chairman. I shall be glad to try to answer any questions.

SIGNATURES AND RATIFICATIONS OF THE CONVENTION AS OF JULY 8, 1966

The following 35 countries have signed the convention:

1. Pakistan
2. Jamaica
3. Niger
4. Upper Volta
5. United Kingdom
6. Morocco
7. Ethiopia
8. Cameroon
9. Japan
10. Sweden
11. Somalia
12. Sierra Leone
13. Nepal
14. Luxembourg
15. Denmark
16. Malaysia
17. Italy
18. Ghana
19. Belgium
20. France
21. Norway
22. China
23. Togo
24. Federal Republic of Germany
25. Greece
26. Cyprus
27. Liberia
28. Dahomey
29. Korea
30. Chad
31. Austria
32. Kenya
33. Netherlands
34. Malagasy Republic
35. Malawi

The following nine countries have ratified the convention:

1. Nigeria
2. Mauritania
3. Central African Republic
4. Ivory Coast
5. Gabon
6. The United States
7. Uganda
8. Tunisia
9. Congo (Brazzaville)

○