## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Webuild S.p.A., f/k/a/ Impregilo S.p.A.,

        *Plaintiff*,

v.

THE ARGENTINE REPUBLIC,

        *Defendant.*

Case No. 1:21-cv-2464 (RBW)

**ANSWER TO COMPLAINT**

        Defendant the Republic of Argentina (the "Republic"), as and for its Answer to the Complaint dated September 20, 2021 (the "Complaint") filed by Plaintiff Webuild S.p.A. ("Webuild"), respectfully states as follows:

        The Republic provides this Answer based on a reasonable inquiry and its knowledge to date.  The Republic reserves the right to amend, supplement, revise, clarify, or correct the responses set forth herein.  All allegations not expressly admitted in this Answer are denied and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that are contained in the averment or in the Complaint as a whole.  Unless otherwise noted, footnotes, headings, and subheadings do not purport to state factual allegations, and therefore no response is required.  All answers to allegations in a particular paragraph of the Complaint should be construed to apply equally to the allegations contained in the footnotes, headings, or subheadings, if any, accompanying, comprising, or relating to such paragraph of the Complaint, unless expressly stated otherwise.

        1.      The Republic admits it was a party to ICSID Case No. ARB/07/17, and that an award was issued on June 21, 2011.  The allegations in Paragraph 1 of the Complaint otherwise

purport to characterize the nature of this action, and accordingly no responsive pleading is required.

2.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies them.

3.      The Republic admits it is a foreign state as defined in 28 U.S.C. § 1603(a).  The allegations in Paragraph 3 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.

4.      The allegations in Paragraph 4 of the Complaint constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 7 for its complete and accurate terms.  The allegations in Paragraph 7 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 8 for its complete and accurate terms.  The allegations in Paragraph 8 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 for its complete and accurate terms.  The allegations in Paragraph 9 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 for its complete and accurate terms.  The allegations in Paragraph 10 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are

3

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 for its complete and accurate terms. The allegations in Paragraph 11 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 for its complete and accurate terms. The allegations in Paragraph 12 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 for its complete and accurate terms. The allegations in Paragraph 13 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 for its complete and accurate terms. The allegations in Paragraph 14 of the

Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 14 of the Complaint.

15.    Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 for its complete and accurate terms. The allegations in Paragraph 15 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 15 of the Complaint.

16.    The Republic admits that it and the Italian Republic are parties to the Agreement between the Argentine Republic and the Italian Republic on the Promotion and Protection of Investments, signed on May 22, 1990 and entered into force on October 14, 1993. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 for its complete and accurate terms. The allegations in Paragraph 16 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 16 of the Complaint.

17.    Paragraph 17 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 17 for its complete and accurate terms. The allegations in Paragraph 17 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 for its complete and accurate terms. The allegations in Paragraph 18 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 for its complete and accurate terms. The allegations in Paragraph 19 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 for its complete and accurate terms. The allegations in Paragraph 20 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is

required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 20 of the Complaint.

21.    Paragraph 21 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 21 for its complete and accurate terms.  The allegations in Paragraph 21 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 21 of the Complaint.

22.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint. Furthermore, Paragraph 22 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 22 for its complete and accurate terms.  The allegations in Paragraph 22 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 22 of the Complaint.

23.    Paragraph 23 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 23 for its complete and accurate terms.  The allegations in Paragraph 23 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is

required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 24 for its complete and accurate terms.  The allegations in Paragraph 24 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 24 of the Complaint.

25.    Paragraph 25 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 for its complete and accurate terms.  The allegations in Paragraph 25 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 for its complete and accurate terms.  The allegations in Paragraph 26 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 26 of the Complaint.

27.    The Republic admits that Impregilo S.p.A. submitted to the International Centre for the Settlement of Investment Disputes ("ICSID") a request for arbitration dated May 23, 2007 against the Republic, which was registered on July 25, 2007.  Paragraph 27 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 27 for their complete and accurate terms.

28.    The Republic admits that the Tribunal was constituted on May 27, 2008, and that its members were Hans Danelius (President, appointed by the Chairman of the Administrative Council of ICSID), Charles N. Brower (appointed by Impregilo S.p.A.) and Brigitte Stern (appointed by the Republic).

29.    The Republic admits it was represented in the arbitration by attorneys from the Procuración del Tesoro de la Nación, and that it made written submissions such as a Memorial on Jurisdiction, a Counter-Memorial on the Merits, and a Rejoinder on the Merits.

30.    The Republic admits that a hearing on jurisdiction was held at the seat of ICSID in Washington, D.C., from May 4 to 6, 2009, and a hearing on the merits was held from March 9 to 12 and from March 15 to 18, 2010 at the office of the World Bank in Paris, France.  The Republic also admits that the Tribunal closed the proceedings on April 15, 2011.

31.    The Republic admits that the Tribunal issued the Award on June 21, 2011.

32.    Paragraph 32 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 32 for its complete and accurate terms.  The allegations in Paragraph 32 of the

Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 33 for its complete and accurate terms. The allegations in Paragraph 33 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 34 for its complete and accurate terms. The allegations in Paragraph 34 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, the Republic denies the allegations contained in Paragraph 34 of the Complaint.

35.     The Republic admits that on October 19, 2011 it filed an application requesting annulment and stay of enforcement of the Award. The Republic also admits that a hearing on annulment was held at the seat of ICSID in Washington, D.C. on March 19 and 20, 2013 before an *ad hoc* Committee composed of Rodrigo Oreamuno (President), Eduardo Zuleta and Teresa Cheng, appointed by the Chairman of the Administrative Council of ICSID, and that on December 18, 2013, the *ad hoc* Committee closed the proceeding. The Republic further admits

that the *ad hoc* Committee issued a decision on annulment on January 24, 2014. The remainder

of paragraph 35 of the Complaint purports to characterize the contents of a written document,

which document speaks for itself. The Republic denies such characterizations that are

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 35 for its complete and accurate terms. The allegations in Paragraph 35 of the

Complaint otherwise constitute conclusions of law as to which no responsive pleading is

required. To the extent a response is required, the Republic denies the remainder of the

allegations contained in Paragraph 35 of the Complaint.

        36.    The allegations in Paragraph 36 of the Complaint purport to characterize the

nature of this action, and accordingly no responsive pleading is required. To the extent a

response is required, the Republic denies the allegations contained in Paragraph 36 of the

Complaint.

        37.    The allegations in Paragraph 37 of the Complaint constitute conclusions of law as

to which no responsive pleading is required. To the extent a response is required, the Republic

denies the allegations contained in Paragraph 37 of the Complaint.

        38.    The Republic admits that the United States is a Contracting State to the

Convention on the Settlement of Investment Disputes between States and Nationals of Other

States (the "ICSID Convention"). The allegations in Paragraph 38 of the Complaint otherwise

constitute conclusions of law as to which no responsive pleading is required. To the extent a

response is required, the Republic denies the allegations contained in Paragraph 38 of the

Complaint.

        39.    The Republic admits that it is a Contracting State to the ICSID Convention. The

allegations in Paragraph 39 of the Complaint otherwise constitute conclusions of law as to which

no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 39 of the Complaint.

40.    Paragraph 40 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 40 for its complete and accurate terms.  The allegations in Paragraph 40 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 40 of the Complaint.

41.    Paragraph 41 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 41 for its complete and accurate terms.  The allegations in Paragraph 41 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 41 of the Complaint.

42.    Paragraph 42 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 42 for its complete and accurate terms.  The allegations in Paragraph 42 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 42 of the Complaint.

43.     The allegations in Paragraph 43 of the Complaint constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 44 for its complete and accurate terms.  The allegations in Paragraph 44 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 44 of the Complaint.

45.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies them.

46.     Paragraph 46 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations that are inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 46 for its complete and accurate terms.  The allegations in Paragraph 46 of the Complaint otherwise constitute conclusions of law as to which no responsive pleading is required.  To the extent a response is required, the Republic denies the allegations contained in Paragraph 46 of the Complaint.

## DEFENSES

The Republic states the following defense without, as to any defense, agreeing that it is an affirmative defense or assuming the burden of proof or persuasion as to any element of

Webuild's claims.  The Republic repeats its answers to Paragraphs 1 through 46 of the

Complaint as if fully set forth herein.

## First Defense

47.     Webuild's claims, including interest claims, are barred all or in part by the

applicable statute of limitations and/or prescription period.[1]

## RESERVATION OF RIGHTS

The Republic expressly reserves the right to assert any additional allegations, claims, or

defenses that may become available, based upon evidence developed in discovery or otherwise,

and therefore reserves all rights, including to amend this Answer, assert counterclaims, and/or

assert additional defenses.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing Webuild's claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         December 3, 2024

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
     Carmine D. Boccuzzi, Jr. (D.C. Bar # NY0335)
     (cboccuzzi@cgsh.com)
     One Liberty Plaza
     New York, New York 10006
     (212) 225-2508

*Attorney for the Republic of Argentina*

---

[1] The Republic recognizes that the Court's Order and Memorandum, ECF Nos. 19, 20 (Nov. 19, 2024), did not accept the Republic's argument to dismiss Webuild's claims as time-barred, but the Republic preserves this defense here for appellate review.