UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WEBUILD S.P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-2464 (RBW) |
| | ) | |
| ARGENTINE REPUBLIC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff, Webuild S.p.A., formerly known as Impregilo S.p.A., brings this civil action against the defendant, the Argentine Republic, pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"), seeking recognition and enforcement of an arbitral award issued in favor of the plaintiff and against the defendant by an international tribunal on June 21, 2011, in ICSID Case No. ARB/07/17 (the "Award"). See Complaint ("Compl.") ¶ 1, ECF No. 1. Currently pending before the Court is the Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment ("Pl.'s Mot."), ECF No. 22; see also Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment ("Pl.'s Mem."), ECF No. 22-1. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must grant the plaintiff's motion.

---

[1] In addition to the filings already identified, the Court considered the defendant's Response to Motion for Judgment on the Pleadings, or, in the Alternative, Summary Judgment ("Def.'s Resp."), ECF No. 23, in rendering its decision.

# I.  BACKGROUND

## A.  Factual Background

The Court outlined the factual background of this case in its earlier Memorandum Opinion issued on November 19, 2024, see Webuild S.p.A. v. Argentine Republic, ___ F. Supp. 3d ___, ___, 2024 WL 4828182, at *1–2 (D.D.C. Nov. 19, 2024) (Walton, J.), and, therefore, will not reiterate those facts in full again here.  The Court will, however, briefly discuss the background of this case to the extent it is relevant to the pending motion.

In October 1999, the plaintiff, "a corporation organized under the laws of Italy," Compl. ¶ 2, "as part of a consortium with other international companies, was awarded a water and sewage service concession in a certain area within the Province of Buenos Aires[,]" id. ¶ 7, and subsequently formed an Argentinian company, which contracted with the defendant to provide those services, see id.  After the defendant terminated the contract, see id. ¶ 15, the plaintiff submitted its claims to the International Centre for Settlement of Investment Disputes (the "ICSID"), see id. ¶ 25, pursuant to the terms of the bilateral investment treaty governing the relationship between the plaintiff and the defendant, see id. ¶ 16.

"[O]n June 21, 2011[,]" id. ¶ 31, an ICSID tribunal "found that . . . [the defendant] failed to treat [the p]laintiff's investment in a fair and equitable manner[,]" id. ¶ 33, and issued an award in favor of the plaintiff, see id. ¶ 31.  "As compensation for [the defendant's] breaches of the [t]reaty, the [t]ribunal awarded [the p]laintiff [ ] $21,294,000 [in United States currency] . . . before interest[,]" as well as "post-award interest . . . from July 11, 2006[,] until payment, at an annual rate of 6%."  Id. ¶ 34.  "On October 19, 2011, [the defendant] filed an application requesting annulment and stay of enforcement of the award."  Id. ¶ 35.  Following a

hearing held in 2013 before an ad hoc committee, on January 24, 2014, the committee "unanimously decided to dismiss the entirety of the application for annulment, declare the stay [that had been issued] terminated, and order that each [p]arty bear its own legal costs and expenses[.]" Id. Consequently, "the ICSID award became final with no further avenues of appeal." Id. "Despite [the plaintiff's] demands for payment and efforts to negotiate payment from [the defendant]" for at least two years as of the time of the filing of the Complaint, id. ¶ 45, "[t]he ICSID [a]ward remains unpaid[,]" id. ¶ 36.

**B.     Procedural History**

The plaintiff filed its Complaint on September 20, 2021, see id. at 1, requesting that the Court, inter alia, enter an order and judgment: (1) "[r]ecognizing the ICSID [a]ward and enforcing the pecuniary obligations imposed by the ICSID [a]ward as if the ICSID [a]ward were a final judgment of a court of general jurisdiction of one of the several States;" and (2) "[e]ntering judgment in [the p]laintiff's favor in the amounts specified in the [a]ward[,]" id. ¶ 46. On August 8, 2022, the defendant filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff's action was time-barred. See Motion to Dismiss ("Def.'s Mot.") at 1, ECF No. 9. As indicated above, on November 19, 2024, the Court denied the defendant's motion to dismiss after concluding that, in the absence of a statute of limitations contained in the Investment Disputes Act, the Court would borrow the analogous state law statute of limitations from the D.C. Uniform Enforcement of Foreign Judgments Act, D.C. Code § 15-101(a), and under that limitations period, the plaintiff's claims were not time-barred. See Webuild S.p.A., 2024 WL 4828182, at *10.

Subsequently, on January 8, 2025, the plaintiff filed its motion for judgment on the pleadings, or, in the alternative, summary judgment. See generally Pl.'s Mot. And, on January

22, 2025, the defendant filed its response, in which it represented that "[r]eserving [its] rights for all purposes, including appeal, and without waiving its immunity from execution, the [defendant] does not otherwise contest the Court's subject-matter jurisdiction over this action." Def.'s Resp. at 1–2 (internal citation omitted).

## II.   STANDARD OF REVIEW

**A.   Plaintiff's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), or in the Alternative, Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56**

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because "judgment on the pleadings is rare[,]" Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp., 933 F.3d 751, 760 (D.C. Cir. 2019), and "provides judicial resolution at an early stage of a case, the party seeking judgment on the pleadings shoulders a heavy burden of justification[,]" id. Specifically, courts will only grant a party judgment on the pleadings "if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." Schuler v. PricewaterhouseCoopers, LLP, 514 F.3d 1365, 1370 (D.C. Cir. 2008) (quoting Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992)). In assessing whether the moving party has met its burden, the Court "will accept as true the allegations in the opponent's pleadings, and as false all controverted assertions of the movant." Liberty Mar. Corp., 933 F.3d at 760–61 (quoting Haynesworth v. Miller, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987), abrogated on other grounds by Hartman v. Moore, 547 U.S. 250 (2006)). Moreover, the Court "must give 'all reasonable inferences to the opponent's pleadings' before entering a judgment on the pleadings." Id. at 761 (quoting Wager v. Pro, 575 F.2d 882, 884 (D.C. Cir. 1976)). And, in considering a motion under Rule 12(c), the Court may only consider the pleadings—which

include "[any] copy of a written instrument that is an exhibit to a pleading[,]" Fed. R. Civ. P. 10(c), "such as relevant and authentic documents" submitted with the pleading, Liberty Mar. Corp., 933 F.3d at 760—as well as judicially noticed facts. However, "[i]f, on a motion under . . . [Rule] 12(c), matters outside the pleadings are presented to and not excluded by the [C]ourt, the motion must be treated as one for summary judgment under Rule 56[,]" Fed. R. Civ. P. 12(d), and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion[,]" id.

As with a motion under Rule 12(c), a court may grant a Rule 56 motion for summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Steele v. Schafer, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment[.]" Id. The movant has the burden of demonstrating the absence of a genuine issue of material fact and that the non-moving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III.   ANALYSIS

The plaintiff requests that the Court grant its motion for judgment on the pleadings, or in the alternative, summary judgment, and enter an Order, <u>inter alia</u>: (1) "[r]ecognizing and enforcing the arbitral award rendered in [the p]laintiff's favor on June 21, 2011, in ICSID Case No. ARB/07/17 . . . , pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States[,]" Pl.'s Mot. at 1; (2) "[e]ntering judgment in favor of [the p]laintiff, in accordance with the Award, in the principal amount of $21,294,000 plus interest on that amount, compounded annually at the rate of [six percent] from July 11, 2006[,] until the date of judgment[,]" <u>id.</u>; and (3) "[a]warding post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961[,]" <u>id.</u>  And, as indicated above, the defendant does not contest the plaintiff's motion beyond reiterating its position that the plaintiff's claims are time-barred.  <u>See generally</u> Def.'s Resp.  For the following reasons, the Court concludes that it must grant the plaintiff's motion for judgment on the pleadings.

As an initial matter, because neither party seeks to have the Court consider matters outside the pleadings, the Court will proceed under Rule 12(c) in determining whether to grant the plaintiff's motion.[2]  In doing so, the Court is mindful that "the Court's role in enforcing an ICSID arbitral award is [ ] exceptionally limited," <u>TECO Guatemala Holdings, LLC v. Republic of Guatemala</u>, 414 F. Supp. 3d 94, 101 (D.D.C. 2019), and "perfunctory[,]" <u>Tidewater Inv. SRL v. Bolivarian Republic of Venezuela ("Tidewater II")</u>, No. 17-cv-1457 (TJK), 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018).  Because "[a] final judgment of one state—or, for that matter, from [the] ICSID . . . qualifies for recognition throughout the land[,] . . . the language of [the Investment Disputes Act] appears to envision no role for this Court [in enforcing an ICSID

---

[2] However, because the standard for summary judgment under Rule 56 is essentially the same as under Rule 12(c), the Court would similarly conclude that the plaintiff is entitled to summary judgment.

award] beyond ensuring its own jurisdiction over th[e] action and the validity of [the plaintiff]'s entitlement to any unpaid claims under the [a]ward." Id.  Accordingly, the Court "is 'not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award;' all it may do is 'examine the judgment's authenticity and enforce the obligations imposed by the award.'" TECO Guat. Holdings, LLC v. Republic of Guatemala ("TECO Guatemala I"), No. 17-cv-102 (RDM), 2018 WL 4705794, at *2 (D.D.C. Sept. 30, 2018) (quoting Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela, 863 F.3d 96, 102 (2d Cir. 2017)).  Thus, the Investment Disputes Act provides that "[t]he pecuniary obligations imposed by [ ] an [ICSID] award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."  22 U.S.C. § 1650a(a).

Nonetheless, the Court must determine that (1) it has subject-matter jurisdiction over this matter; (2) it has personal jurisdiction over the defendant; and (3) the ICSID award is authentic. See TECO Guatemala I, 2018 WL 4705794, at *2.  The Court will address each of these factors in turn.

**A.     Whether the Court Has Subject-Matter Jurisdiction**

As the Court indicated in its prior Memorandum Opinion, the Foreign Sovereign Immunities Act, see 28 U.S.C. § 1605 (the "FSIA"), provides the "sole basis for obtaining jurisdiction over a foreign state" in United States courts, Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989), and the FSIA's "arbitral award exception" to its general grant of immunity for foreign states, see 28 U.S.C. § 1605(a)(6) (providing an exception for cases brought to "confirm an award made pursuant to . . . an agreement to arbitrate" where the award is "governed by a treaty or other international agreement in force for the United States

calling for the recognition and enforcement of arbitral awards"), has been "routinely" applied to ICSID awards, Tidewater II, 2018 WL 6605633, at *4; see Blue Ridge Invs., LLC v. Republic of Argentina, 735 F.3d 72, 85 (2d Cir. 2013) ("To our knowledge, every court to consider whether awards issued pursuant to the ICSID Convention fall within the arbitral award exception to the FSIA has concluded that they do."). Considering this routine application of the "arbitral award exception" to ICSID awards, the Court concludes that it has subject-matter jurisdiction over this matter.

**B.    Whether the Court Has Personal Jurisdiction Over the Defendant**

In addition to establishing the Court's subject-matter jurisdiction, parties seeking to enforce an ICSID award must adhere to the FISA's "meticulous procedure" for establishing the Court's personal jurisdiction over a foreign state, namely by taking specific steps to effect service on the defendant. Tidewater II, 2018 WL 6605633, at *4. Here, however, the defendant has not argued that the Court lacks personal jurisdiction under the FSIA. See generally Def.'s Resp. And, in any event, because the defendant did not raise this argument in its motion to dismiss pursuant to Rule 12(b), see generally Def.'s Mot., this argument would be waived if the defendant sought to raise a personal jurisdiction challenge, see Fed. R. Civ. P. 12(h)(1) (noting that a party waives its personal jurisdiction defense if it was available to the party when it filed an earlier motion under Rule 12(b) and omitted the defense from that motion and did not raise the defense in an amendment as a matter of course). Therefore, the Court concludes that it has personal jurisdiction over the defendant.

**C.    Whether the ICSID Award Is Authentic**

Finally, having found that the Court has subject-matter jurisdiction over this matter and personal jurisdiction over the defendant, the Court must examine the award's authenticity before

enforcing it. See Koch Mins. Sàrl v. Bolivarian Republic of Venezuela, No. 17-cv-2559 (ZMF), 2021 WL 3662938, at *2 (Aug. 18, 2021). And, the record plainly establishes that the award is authentic. See Compl., Exhibit ("Ex.") A (Impregilo S.p.A. v. Argentine Republic (ICSID Case No. ARB/07/17) ("ICSID Award")) at 1, ECF No. 1-1 (certifying as authentic the copy of the ICSID award in favor of the plaintiff); id., Ex. G (Impregilo S.p.A. v. Argentine Republic (ICSID Case No. ARB/07/17) – Annulment Proceeding ("ICSID Annulment Proceeding")) at 1, ECF No. 1-7 (certifying as authentic the ICSID ad hoc committee's decision to dismiss the defendant's application for annulment of the award). Indeed, as indicated above, the defendant does not contest the authenticity of the ICSID award in favor for the plaintiff. See generally Def.'s Resp. Therefore, the Court is compelled to give the ICSID award "the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States[,]" 22 U.S.C. § 1650a(a), and enforce the award.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the plaintiff's motion for judgment on the pleadings, confirm the Award, and enter judgment in favor of the plaintiffs for: (1) the principal amount of $21,294,000; (2) prejudgment interest on the principal amount, compounded annually at the rate of six percent from July 11, 2006, until the date of this judgment, i.e., April 4, 2025; and (3) post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

**SO ORDERED** this 4th day of April, 2025.[3]

REGGIE B. WALTON<br>
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.